1  SCOTT N. SCHOOLS (SCSBN SC9990)
   United States Attorney
2  JAY R. WEILL  (CSBN 75434)
   Chief,  Tax Division
3  THOMAS MOORE (ASBN 4305-T78O)
   Assistant United States Attorneys
4   9th Floor Federal Building
    450 Golden Gate Avenue, Box 36055
5  San Francisco, CA 94102
   Telephone:   (415) 436-6935
6  Facsimile:    (415) 436-6748

7  Attorneys for the United States of America

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11  **In the Matter of**                    )
                                            )
12                                          )    **No. CV-07-80122-MISC-RMW**
    **Robert M. Heger**, *pro se*,          )
13                                          )
          **Petitioner,**                   )
14                                          )
       **v.**                               )
15                                          )
    **M. MARTINEZ, INTERNAL REVENUE** )
16  **SERVICE OFFICER, UNITED STATES** )    **DATE:   August 3, 2007**
    **INTERNAL REVENUE SERVICE**        )    **TIME:  9:00 A.M.**
17  **COMMISSIONER, UNITED STATES**    )    **PLACE:  Courtroom No. 6**
                                            )
18        **Respondents.**                  )
    _____ )

19           **MEMORANDUM OPPOSITION TO PETITION TO QUASH,**
20              **MOTION FOR SUMMARY ENFORCEMENT,**
                **AND MEMORANDUM IN SUPPORT**
21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2                                                                           **PAGE**

3  PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7       I.   The District Court Lacks Subject Matter Jurisdiction Over The Petition To Quash . . . . . 2

8       II.  The Petition To Quash is Untimely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9       III. Summons Enforcement in General and the Powell Requirements . . . . . . . . . . . . . . . . 4

10      IV. The Summons at Issue Met the Powell Requirements . . . . . . . . . . . . . . . . . . . . . . . . . 5

11            A.   Legitimate Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
              B.   Relevance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
12            C.   Availability of Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
              D.   Administrative Steps . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
13            E.   Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

## TABLE OF POINTS AND AUTHORITIES

2

CASES                                                                          PAGE

3

Abrahams,
        905 F.2d 1276 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

4

Alphin v. United States,
        809 F.2d 236 (4th Cir. 1987), cert. denied, 480 U.S. 935 (1987) . . . . . . . . . . . . .  5, 7, 12

5

Barmes v. United States,
        99-1 U.S. Tax Cas. (CCH) P50 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

6

7

Bilodeau v. United States,
        577 F. Supp. 234 (N.H. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

8

Codner v. United States,
        17 F.3d 1331 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

9

Dame v. United States,
        643 F. Supp. 533 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

10

11

Darland v. United States,
        912 F. Supp. 316 (D. Md 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

12

Davis v. United States,
        2001 U.S. Dist. LEXIS 3243 (D.N.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

13

14

Donaldson v. United States,
        400 U.S. 517 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

15

16

Fortney v. United States,
        59 F.3d 117 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

17

Franklin v. United States,
        581 F. Supp. 38 (E.D. Mich. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

18

19

Grisham v. United States,
        578 F. Supp. 73 (S.D.N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

20

Hintze v. Internal Revenue Service,
        879 F.2d 121 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 12

21

22

Ip v. United States,
        205 F.3d 1168 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

23

Kondcik v. United States,
        81 F.3d 655 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

24

25

Liberty Financial Services v. United States,
        778 F.2d 1390 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

26

Ponsford v. United States,
        771 F.2d 1305 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Riggs v. United States,
    575 F. Supp. 738 (N.D. III. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Stringer v. United States,
    776 F.2d 274 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Acker,
    325 F. Supp. 857 (SDNY 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Bank of California,
    424 F. Supp. 220 (N.D. CA 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Bisceglia,
    420 U.S. 141 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Cecil E. Lucas General Contractor Inc.,
    406 F. Supp. 1267 (D.S.C. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Church of Scientology of California,
    520 F.2d 818 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Garden State National Bank,
    607 F.2d 61 (3d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Goldman,
    637 F.2d 664 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

United States v. LaSalle National Bank,
    400 U.S. at 298 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Moon,
    616 F.2d 1043 (8th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Morgan,
    761 F.2d 1009 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Powell,
    379 U.S. 48 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

United States v. Ryan,
    455 F.2d 728 (9th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

United States v. Samuels, Kramer and Co.,
    712 F.2d 1342 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

United States v. White,
    853 F.2d 107 (2nd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Will,
    671 F.2d 963 (6th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Zolin,
    809 F.2d 1411 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Unites States v. Bichara,
    826 F.2d 1037 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# FEDERAL STATUTES

## STATUTES:

United States Code (26 U.S.C.)

7609(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

7609(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

1 | SCOTT N. SCHOOLS (SCSBN SC9990)
United States Attorney
2 | JAY R. WEILL  (CSBN 75434)
Chief,  Tax Division
3 | THOMAS MOORE (ASBN 4305-T78O)
Assistant United States Attorneys
4 |  9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
5 | San Francisco, CA 94102
Telephone:   (415) 436-6935
6 | Facsimile:    (415) 436-6748

7 | Attorneys for the United States of America

8 | **IN THE UNITED STATES DISTRICT COURT FOR THE**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN JOSE DIVISION**

11 | **In the Matter of**                                   )
                                                           )
12 |                                                        )    **No. CV-07-80122-MISC-RMW**
    **Robert M. Heger**, *pro se*,                         )
13 |                                                        )
           **Petitioner,**                                 )    **MEMORANDUM IN OPPOSITION**
14 |                                                        )    **TO PETITION TO QUASH, MOTION**
           **v.**                                          )    **FOR SUMMARY ENFORCEMENT,**
15 |                                                        )    **AND MEMORANDUM IN SUPPORT**
    **M. MARTINEZ, INTERNAL REVENUE** )
16 | **SERVICE OFFICER, UNITED STATES** )
    **INTERNAL REVENUE SERVICE**              )    **DATE:   August 3, 2007**
17 | **COMMISSIONER, UNITED STATES**    )    **TIME:  9:00 A.M.**
                                                           )    **PLACE:  Courtroom No. 6**
18 |            **Respondents.**                            )
    ─────────────────────────────)

19 |

20 | _____PLEASE TAKE NOTICE that on August 3, 2007, at 9:00 a.m, before the Honorable

21 | Ronald M. Whyte, United States District Judge, United States District Court, 4th Floor,

22 | Courtroom 6, 280 S. First Street, San Jose, California, the United States of America, by counsel,

23 | will and does moves the Court to deny the petition to quash, and for summary enforcement of the

24 | summons.  In support of its motion the United States submits the following memorandum.

25 | **PRELIMINARY STATEMENT**

26 |        Robert M. Heger, (Petitioner) moves to quash an IRS summons served on Jeff Brown

27 | seeking rental records, current address, phone number and the name of the bank from which the

28 | last rent check was received from the Petitioner.  The summons was  issued by Revenue Officer

1   Maria Martinez in aid of the collection of taxes previously assessed against Petitioner for the

2   years 1996, 1997, 1998, 1999, 2000, and 2001.  (Declaration of Revenue Officer Martinez ¶ 1,

3   2).

4   **QUESTION PRESENTED**

5   Should the petition to quash be denied and the subject IRS' summons be summarily

6   enforced where the United States has met the **Powell** requirements for enforcement, and

7   Petitioner has failed to raise a legitimate defense to enforcement?

8   **STATEMENT OF FACTS**

9   Petitioner did not file Form 1040 Federal income tax returns from 1996 to present.

10  (Declaration of Revenue Officer Martinez ¶ 1).  Substitutes for Return were prepared and

11  assessments were made for the years 1996, 1997, 1998, 1999, 2000, and 2001, resulting in over

12  $235,000.00 of unpaid tax liability.  (Declaration of Revenue Officer Martinez ¶ 1).

13  The Internal Revenue Service ("IRS") issued summons to Jeff R. Brown, Petitioner's

14  landlord, on April 11, 2007.  The summons directed Brown to produce the rental application and

15  agreement between Petitioner and Brown, the forwarding address and phone number for

16  Petitioner, and the name of the bank from which the last rent check was issued.  True and correct

17  copy of the summons is attached to the Declaration of Maria Martinez.  The summons was issued

18  in aid of collection of income tax liabilities of Petitioner.  (Declaration of Revenue Officer

19  Martinez ¶ 1, 2, 7).

20  On May 7, 2007, 26 days after service of summons, petitioner Robert M. Heger, filed

21  petition to quash summons.  The petition to quash is untimely and the court lacks subject matter

22  jurisdiction over such petition.

23  **ARGUMENT**

24  **I.**

25  **The District Court Lacks Subject Matter Jurisdiction Over The Petition To Quash**

26  Pursuant to section 7609(b)(2)(A) of 26 U.S.C, only a person who is entitled to notice of

27  a summons under the Internal Revenue Code Section 7609(a) is entitled to bring a proceeding

28  against the government to quash the summons.  Section 7609(c)(2)(D)(i) provides that section

1    7609 shall not apply to any summons issued in aid of the collection of an assessment made

2    against the person with respect to whose liability the summons is issued.  The summons in the

3    present case was issued for the collection of unpaid liabilities previously assessed against the

4    Petitioner.  Section 7609 therefore does not apply to the summons at issue, and Section

5    7609(b)(2) does not serve as a jurisdictional basis for the Petitioner's suit.  Where records are

6    summoned from a third-party recordkeeper in aid of the collection of a previously assessed tax

7    against the person with respect to whose liability the summons is issued, the district court lacks

8    jurisdiction over a petition to quash brought by the person whose tax liability is in issue.

9         In **Ip v. United States,** the 9th Circuit stated that:

> 10    Where the [Internal Revenue] Service has made an assessment or obtained a
> judgment against a taxpayer and serves a summons [*1173] on a bank, for
> 11    example, in order to determine whether the taxpayer has an account in that bank,
> and whether the assets in that account are sufficient to cover the tax liability
> 12    which has been assessed, the [Internal Revenue] Service is not required, under the
> committee bill, to give notice to the taxpayer whose account is involved.

14    **Ip v. United States**, 205 F.3d 1168, 1172-1173 (9th Cir. 2000).  The summons in the present

15    case was issued to collect financial information about the Petitioner including the name of the

16    bank from which he pays rent.  The information is to determine whether Petitioner has assets

17    with which the IRS can attach a lien to collect on the assessments already made against

18    Petitioner.  (Declaration of Revenue Officer Martinez ¶ 7).  Thus the IRS was not required to

19    provide notice to the petitioner.  Accordingly the district court lacks subject matter jurisdiction

20    over Petitioner's petition to quash because Petitioner was not entitled to notice of the summons.

21    26 U.S.C. §7609(b)(2)(A).

22                               **II.**

23            **The Petition To Quash is Untimely**

24         To quash a summons, the noticee must file a petition to quash within twenty (20) days

25    from the date that notice was mailed, not from the date of receipt.  **Stringer v. United States**,

26    776 F.2d 274 (11th Cir. 1985); **Dame v. United States**, 643 F. Supp. 533 (S.D.N.Y. 1986);

27    **Riggs v. United States**, 575 F. Supp. 738 (N.D. Ill. 1983).  The summons issued to Brown was

28    hand delivered on April 11, 2007.  (Declaration of Revenue Officer Martinez ¶ 3).  Petitioner did

1    not file the petition to quash summons until May 7, 2007, twenty six (26) days after service of

2    summons.  Petitioner failed to meet the twenty (20) day requirement and the court should dismiss

3    for lack of jurisdiction.  The twenty (20) day limit of I.R.C. § 7609 is jurisdictional and it should

4    be strictly construed.  See **Ponsford v. United States**, 771 F.2d 1305 (9th Cir. 1985); **Franklin**

5    **v. United States**, 581 F. Supp. 38 (E.D. Mich. 1984); **Bilodeau v. United States**, 577 F. Supp.

6    234 (N.H. 1983); **Grisham v. United States**, 578 F. Supp. 73 (S.D.N.Y. 1983).

7                                        **III.**

8                **Summons Enforcement in General and the Powell Requirements**

9            Our tax system is based on a system of self-reporting; basically, the "Government

10    depends upon the good faith and integrity of each potential taxpayer to disclose honestly all

11    information relevant to tax liability."  **United States v. Bisceglia**, 420 U.S. 141 (1975).

12    "Nonetheless, it would be naive to ignore the reality that some persons attempt to outwit the

13    system, and tax evaders are not readily identifiable."  **Bisceglia** at 420.  Congress has provided

14    for such possibilities.  Section 7601(a) of the Internal Revenue Code provides that the Secretary

15    shall "cause officers or employees of the Treasury Department to proceed...through each internal

16    revenue district and inquire after and concerning all persons therein who may be liable to pay any

17    internal revenue tax..."  Section 7602(a)(1) of 26 U.S.C., authorizes the Secretary of Treasury to

18    examine any books, records, papers, or other data which may be relevant or material in

19    ascertaining the correctness of any return, making a return where none has been made,

20    determining the liability of any person for an internal revenue tax.  Section 7602(a)(2) of 26

21    U.S.C., authorizes the Secretary of Treasury to issue summonses to compel persons in possession

22    of such books, papers, records, or other data to produce such for examination.

23            An Internal Revenue Service summons is issued administratively, "but its enforcement is

24    only by federal court authority in an `adversary proceeding' affording the opportunity for

25    challenge and `complete protection of the witness.'"  **United States v. Church of Scientology of**

26    **California**, 520 F. 2d 818, 821 (9th Cir. 1975); **Donaldson v. United States**, 400 U.S. 517

27    (1971).  When seeking the enforcement of a summons the United States must show:  (1)  that

28    there is a legitimate purpose for the investigation; (2)  that the material sought is relevant to that

1  purpose; (3)  that the material sought is not already within the IRS' possession; and (4)  that those

2  administrative steps which are required by the Internal Revenue Code have been taken.  **United**

3  **States v. LaSalle National Bank**, 400 U.S. at 298 (1978); **United States v. Powell**, 379 U.S. 48,

4  57-58 (1964).

5       "The government may establish its prima facie case by a declaration of an agent involved

6  in the investigation averring the **Powell** good faith elements." **Alphin v. United States**, 809 F.2d

7  236, 238 (4th Cir. 1987), **cert. denied**, 480 U.S. 935 (1987).  **Accord**, **Hintze v. Internal**

8  **Revenue Service**, 879 F.2d 121, 126 (4th Cir. 1989); **United States v. Samuels, Kramer and**

9  **Co.**, 712 F.2d 1342, 1344-5 (9th Cir. 1983); **United States v. Will**, 671 F.2d 963, 966 (6th Cir.

10  1982); **United States v. Moon**, 616 F.2d 1043, 1046 (8th Cir. 1980); (3d Cir. 1984); **United**

11  **States v. Garden State National Bank**, 607 F.2d 61, 70-71 (3d Cir. 1979). In the instant case

12  the Government has established its prima facie case through the Declaration of Revenue Officer

13  Martinez.

14       Once this showing has been made, the party challenging the summons bears the heavy

15  burden of proving that enforcement of the summons would be an abuse of the court's process.

16  **United States v. Powell**, at 58; **United States v. LaSalle National Bank**, at 316; **Hintze v.**

17  **Internal Revenue Service**, at 126; **Alphin v. United States**, at 238; **United States v. Morgan**,

18  761 F.2d 1009, 1012 (4th Cir. 1985); **United States v. Garden State National Bank**, at 70-71.

19  Unless the party challenging the summons can demonstrate that it was issued for an improper

20  purpose, or was otherwise deficient, the Government is entitled to enforcement of the summons.

21  **United States v. LaSalle National Bank**, at 316, 318; **Donaldson v. United States**, at 536.

22                                              IV.

23                **The Summons at Issue Met the Powell Requirements**

24  A.       **Legitimate Purpose**

25       The first **Powell** requirement is that the summons be issued for a legitimate purpose.

26  **Powell**, at 57.

27  ///

28

1    In the present case, the summons was issued for a legitimate purpose, to obtain

2    information to aid in the collection of unpaid taxes previously assessed against him.  (Declaration

3    of Revenue Officer Martinez ¶ 1, 2, 7).

4    **B.    Relevance**

5    The second **Powell** requirement is that the "material sought be relevant to the purpose of

6    the investigation." **Powell**, at 57.  Section 7602(a)(1) of 26 U.S.C., authorizes the Secretary to

7    summons the records of any person "which may be relevant or material to the investigation."  It is

8    well settled that the United States, to satisfy the relevancy requirement set forth in **Powell**, need

9    only show that the summoned information "[might] throw light upon the correctness of the

10   taxpayer's return." **United States v. Zolin**, 809 F.2d 1411, 1414 (9th Cir. 1987), aff'd in part and

11   vac'd in part on other grounds, 109 S.Ct 2619 (1989);  **United States v. Goldman**, 637 F. 2d

12   664, 667 (9th Cir. 1980); **United States v. Ryan**, 455 F 2d. 728, 733 (9th Cir. 1972).  The agents

13   of the IRS cannot and need not guarantee that everything they wish to see will be relevant or

14   material to their inquiries.  **United States v. Acker**, 325 F. Supp. 857, 862 (SDNY 1971).

15   The accompanying Declaration of Revenue Officer Martinez establishes that there is the

16   requisite nexus between the taxpayer, his unpaid taxes and the requested records.  Indeed, the

17   records will likely aid in the collection of Petitioner's outstanding tax liabilities. (Declaration of

18   Revenue Officer Martinez ¶ 1, 2, 7,8).

19   **C.    Availability of Information**

20   The third **Powell** requirement is that the "information sought is not already within the

21   Commissioner's possession." **Powell**, at 58.  Revenue Officer Martinez's declaration states that

22   the information sought was not within the within the possession of the Internal Revenue Service

23   when the summons was issued.  (Declaration of Revenue Officer Martinez ¶ 6).

24   **D.    Administrative Steps**

25   The fourth **Powell** requirement is that the "administrative steps required by the Code have

26   been followed." **Powell**, at 58.  Revenue Officer Martinez declaration states that the

27   administrative steps required by the Code have been followed.  (Declaration of Revenue Officer

28   Martinez ¶ 5).

**E.**     **Defenses**

Petitioner raises several meritless arguments for quashing the summons as follows:

(1)     The IRS has classified the Petitioner as a "Tax Protestor," has abandoned the pursuit of a civil tax determination and is therefore seeking the information for a criminal investigation against him.

(Petition to Quash at 2, ¶5, pts. A, B).  The summons is to aid in the collection of previously assessed taxes.  "The party challenging the summons bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose." **Alphin v. United States**, 809 F.2d 236, 238 (4th Cir. 1987).  Looking  above and by the declaration provided by Revenue Officer Martinez, Respondents have stated a prime facie case that the summons was issued for a civil collection purpose, and the Petitioner must refute this with sworn affidavit that provides:

> information or other evidence introduced by the taxpayer reveals (1) that the IRS issued summonses after the investigating agents recommended prosecution, (2) that inordinate and unexplained delays in the investigation transpired, or (3) that the investigating agents were in contact with the Department of Justice . . . ." However, "where the information indicates that none of these three conditions are present, the district court need inquire no further.

**Davis v. United States**, 2001 U.S. Dist. LEXIS 3243 (D.N.C. 2001).  Petitioner cites to no evidence to support this allegation.  Without sworn affidavit or evidence introduced by Petitioner showing any of the three points listed above, Revenue Officer Martinez's declaration shows that this summons was issued for a civil collection matter, and that no criminal referral has been made. (Declaration of Revenue Officer Martinez ¶ 1, 7, 9).

(2)     The IRS has abandoned civil collection and is delaying in submitting a formal recommendation to the Department of Justice in order to gather additional information for the prosecuting attorney.

(Petition to Quash Summons at 3, ¶ 5, pt. C).  Petitioner has introduced no evidence or affidavit to substantiate this argument.  See **Davis**.  As discussed above, Revenue Officer Martinez states that the IRS is only pursuing a civil investigation, and that no criminal referral has been made. (Declaration of Revenue Officer Martinez ¶ 7, 9).

///

///

(3)    The information sought has no relevance to a civil investigation and the court should examine each piece of information requested to test for civil purpose.

(Petition to Quash at 3, ¶ 5, pt. D).  Petitioner is challenging the second requirement of the **Powell** test; that the "material sought be relevant to the purpose of the investigation."  **Powell** at 57.  As discussed prior, the IRS need only show that the summoned information "[might] throw light upon the correctness of the taxpayer's return." **United States v. Zolin**, 809 F.2d 1411, 1414 (9th Cir. 1987), aff'd in part and vac'd in part on other grounds, 109 S.Ct 2619 (1989); **United States v. Goldman**, 637 F. 2d 664, 667 (9th Cir. 1980); **United States v. Ryan**, 455 F 2d. 728, 733 (9th Cir. 1972).  The declaration of Officer Martinez establishes that the requested information will likely aid in the collection of Petitioner's outstanding tax liabilities. (Declaration of Revenue Officer Martinez ¶ 7, 8).

(4)    The information sought is of a private nature and was not intended to be given to parties not authorized by the Petitioner.  Petitioner alleges violation of privacy, Constitutional Rights, and Natural Rights.

(Petition to Quash at 4, ¶ 5, pt. E).  Internal Revenue Code section 7602 (a)(1) gives the IRS the authority to examine any "books, papers, records, or other data which may be relevant or material" for collection purposes.  The declaration of Revenue Officer Martinez establishes that Petitioner's rental application, rental agreement, forwarding address and telephone number, and the bank from which Petitioner pays monthly rent is relevant for collection purposes. (Declaration of Revenue Officer Martinez ¶ 4, 7).

Internal Revenue Code section 7602(a)(2) authorizes the IRS to summon "any person having possession, custody, or care of books of account containing entries related to the business of the person liable for tax."  Mr. Brown is Petitioner's landlord and in possession of the afore named documents, thus he may be summoned by the IRS under § 7602(a)(2) to produce them to aid in collection of outstanding tax liability.

There is no threat to Mr. Heger's privacy based upon the limited disclosure of information which may aid in the collection of taxes previously assessed.  No interest concerning the requested documents outweighs the IRS' interest in collection of assessed taxes.  **Barmes v. United States**, 99-1 U.S Tax Cas. (CCH) P50, 111 (1998).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(5)     The summons was not issued in good faith and that the information sought is "too broad and too sweeping" in detail to be used only for collection purposes.

(Petition to Quash at 4, ¶ 5, pt. F).  The Petitioner has presented no evidence to indicate that the summons was issued in bad faith.  The Petitioner must present evidence which raises sufficient doubt as to the good faith of the government in the issuance of the summons.  See **United States v. Samuels Kramer and Co.**, 712 F. 2d 1342 (9th Cir. 1983).

The Petitioner has presented no evidence to indicate that the summons was too broad in scope.  An IRS summons is not judged by the relevancy standards imposed in the litigation of a case in court.  Rather, it is analogous to a grand jury subpoena.  **United States v. Ryan**, 455 F.2d 728. 733 (9th Cir. 1972).  The test of materiality and relevancy is essentially the same as a grand jury investigation, i.e., whether the inspection sought would throw light upon the correctness of the taxpayer's returns.

The scope and breath of a summons is for the IRS' determination, not the taxpayer, as long as the information sought is reasonably relevant to its tax collection functions.  The agents of the IRS cannot and need not guarantee that everything they wish to see will be relevant or material to their inquiries.  **United States v. White**, 853 F.2d 107, 116-117 (2nd Cir. 1988).  See also **United States v. Bank of California**, 424 F. Supp. 220, 226 fn. 10 (N.D. CA 1976).

Section 7602(a)(1) of 26 U.S.C., authorizes the Secretary to summons the records of any person "which may be relevant or material to the investigation."

The accompanying declaration of Revenue Officer Martinez establishes that there is the requisite nexus between the taxpayer and the records sought.  The records may provide access to financial information not already known to the IRS.  Thus, there is a reasonable expectation on the part of the IRS officer investigating the Petitioner that if they gain access to the financial records it will aid in the collection of taxes preciously assessed.

Once the United States has submitted the sworn statement of the examining officer that the summons was issued for a legitimate purpose, [t]he burden of showing an abuse of the court's process is on the taxpayer. . ." **United States v. Powell**, 379 U.S. at 58.  See also, **Abrahams**, 905 F.2d 1276, 1280 (9th Cir. 1990).  In this case the Martinez Declaration establishes that the IRS issued the summons to Petitioner's landlord pursuant to a legitimate purpose, that is, to gain

access to information which may help to secure payment of previously assessed tax liabilities. **Abrahams**, supra; **Liberty Financial Services v. United States**, 778 F. 2d 1390, 1392 (9th Cir. 1985) ("Assertions by affidavit of the investigating agent that the [Powell] requirements are satisfied are sufficient to make a prima facie case.")

      (6)    The summons was procedurally defective, violating the provisions of I.R.C § 7602, 7603, 7605, and 7609.

(Petition to Quash at 4, ¶ 5, pt. G).  As discussed above, the IRS has the authority to summon Mr. Brown under section 7602.  See above discussion of defense four (4) para. 3.

Section 7603 provides that an IRS summons "shall be served...by an attested copy delivered in hand to the person to whom it is directed or left as his land and usual place of abode." **Unites States v. Bichara**, 826 F. 2d 1037 (11th Cir. 1987).  The declaration of Revenue Officer Martinez establishes that the attested summons was delivered to Mr. Brown in hand as his usual place of abode.  (Declaration of Revenue Officer Martinez ¶ 3).

Section 7605 provides that the time and place of examination pursuant to section 7602 "shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances."  In the case of summons under section 7602 the "date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons."  The summons issued to Mr. Brown did not require his personal appearance and permitted him to deliver or mail the records to the San Jose IRS office.  The IRS requested the records to be received on or prior to May 21, 2007, forty (40)days after receiving the summons.  The requests of the summons were reasonable given the circumstances and met the ten (10) day provision.

Section 7609 outlines "Special Procedures for Third Party Summons."  As discussed above, Petitioner was not entitled to notice.  See above discussion section I.

      (7)    The information sought is already in possession of the IRS, and the summons was issued to harass and pressure the Petitioner.

(Petition to Quash at 4, ¶ 5, pt. H).  As discussed above, the declaration of Revenue Office Martinez establishes that the information sought was not already in the possession of the IRS when the summons was issued. See above section IV part C.

///

1    Petitioner has failed to provide any evidence that the IRS issued the summons to harass or

2    pressure him.  Because Section 7602 gives notice that books, papers, records or other data which

3    may be relevant are under the authority to be summoned, it is not harassment or undue pressure

4    to have these documents summoned. See **United States v. Cecil E. Lucas General Contractor**

5    **Inc.**, 406 F.Supp. 1267 (D.S.C. 1975).  The Petitioner must disprove the existence of a valid

6    purpose by the IRS in issuing the summons.  **LaSalla Nat'l Bank**, at 316.  As previously

7    discussed the summons was issued for a legitimate purpose.  See above section IV para. A.

8        (8)    The summons issued was not properly attested.

9        (Petition to Quash at 5, ¶ 8).  I.R.C § 7603 requires the IRS to provide an attested copy of

10   the summons to the summoned party.  A review of the summons issued shows the revenue

11   officer did serve an attested copy of the summons on Mr. Brown.  The copy that was received by

12   Petitioner was not attested, but it is not required to be.  The IRS need not provide an attested

13   copy to noticees. **Kondcik v. United States**, 81 F. 3d 655, 657 (6th Cir. 1996) ("we hold that §

14   7609 requires only that taxpayers be served with copies, not attested copies"); **Fortney v. United**

15   **States**, 59 F. 3d 117, 120 (9th Cir. 1995) (finding that the absence of an express attestation

16   requirement in Section 7609 is dispositive of Congress's intent); **Codner v. United States**, 17 F.

17   3d 1331, 1334 (10th Cir. 1994) ("Congress did not intend to require that notice coped of

18   summonses served on taxpayers be attested.") **Darland v. United States**, 912 F. Supp. 316 (D.

19   Md 1996).

20       (9)    The IRS neglected to give advance notice to the Petitioner that it intended to seek
              information from a third party record keeper.
21

22       (Petition to Quash at 5-6, ¶ 9, pts. A, B).  Petitioner fails to state cite U.S.C. Title 26

23   Section 7609(2)(D)(i) which says that Petitioner was not entitled to notice when the summons

24   were issued to third party recordkeepers for the purpose of aiding in the collection of previously

25   assessed taxes.

26       Petitioner argues that  lack of notice means that the summonses failed the administrative

27   aspect of the **Powell** test and therefore the motion to quash should be granted.  (Petition to Quash

28   at 5-6, ¶ 9, pts. A, B,C).  However, Petitioner fails to inform this Court of Section 7609 which

states that notice need not be given to the Petitioner when the summons is issued to third-party recordkeepers to aid in the collection of previously assessed tax liabilities against Petitioner. All the administrative steps have been taken, and the summons does not fail the **Powell** test.

Because the **Powell** requirements have been met with respect to the subject summons, and there is no legitimate defense to the enforcement otherwise, this Court should deny the petition to quash and summarily enforce the summons directing Mr. Brown to comply with the summons as directed therein.

(10)    The Petitioner has had placed in his file a 914 Control Form thus proving that a criminal case is pending and that all civil liabilities cases or audits are to be suspended.

(Petition to Quash at 6, ¶ 10). Petitioner has failed to provide evidence that a 914 Control Form has been placed in his file, or that a criminal case is pending. As discussed above, Revenue Officer Martinez states that the IRS is conducting a civil investigation, there has been no criminal referral, and that his file does not contains a 914 Control Form. (Declaration of Revenue Officer Martinez ¶ 9, 10). Absent any proof Petitioner should not be allowed time for discovery because he has not shown an abuse of the summonsing authority by the IRS. See **Hintze v. Internal Revenue Service**, 879 F. 2d 121, 127 (4th Cir. 1989) (citing **Alpin v. United States**, 809 F 2d. 236, 238 (4th Cir. 1987).

## CONCLUSION

_____For the foregoing reasons, this Court should deny the petition to quash and order enforcement of the summons.

SCOTT N. SCHOOLS
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division

**CERTIFICATE OF SERVICE**

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**MEMORANDUM IN OPPOSITION TO PETITION TO QUASH, MOTION FOR SUMMARY ENFORCEMENT, AND MEMORANDUM IN SUPPORT and DECLARATION OF REVENUE OFFICER MARIA MARTINEZ**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____ **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

_____ **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Robert M. Heger, Pro Se
5730 Holland Lane
San Jose, CA 95118

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **June 22, 2007** at San Francisco, California.

_____  /s/ Kathy Tat
**KATHY TAT**
**Legal Assistant**