*E-filed on* 10/11/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT M. HEGER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. MARTINEZ, IRS Officer; UNITED STATES IRS COMMISSIONER; UNITED STATES; JEFF R. BROWN<br><br>　　　　Respondents. | No. 07-MISC-80122 RMW<br><br>ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE SUMMONS<br><br>**[Re Docket Nos. 1, 6]** |

　　Petitioner Robert M. Heger, proceeding *pro se*, filed a petition to quash an administrative Internal Revenue Service ("IRS") summons served on Jeff R. Brown seeking petitioner's rental records, current address, phone number and the name of the bank from which petitioner's last rent check was received. Respondent, the United States of America, opposes petitioner's motion to quash and moves to summarily enforce the summons. For the reasons set forth below, the court DENIES petitioner's petition to quash and GRANTS respondent's motion to enforce the petition.

## I. BACKGROUND

Petitioner did not file Form 1040 Federal income tax returns for the years 1996 through 2001. As a result, Substitutes for Return were prepared and assessments were made for over $235,000 in unpaid tax liability. Decl. Maria Martinez ("Martinez Decl.") ¶ 1. Revenue Officer Maria Martinez was assigned to collect these taxes. *Id.* On April 11, 2007, Martinez hand-served an IRS summons on Jeff R. Brown ("Brown"), petitioner's landlord, to produce for examination the following papers, records and data for petitioner:

> 1) Rental application and rental agreement between [Brown] and [petitioner] for the property located on 5730 Holland Lane, San Jose, California.
> 2) Forwarding address and phone number for [petitioner].
> 3) Bank of the last rental check that was issued from the above taxpayer.

*Id.* ¶¶ 2-4, Ex. A. A non-attested copy of the summons was delivered to petitioner on April 13, 2007. The purpose of the summons was to aid of the collection of taxes previously assessed against petitioner for 1996 through 2001.

Petitioner contends that he has been classified by the IRS as a "tax protestor" and that it has abandoned the pursuit of a civil tax determination. Pet. ¶ 5(A). He asserts that the IRS instead is seeking to use the summons "for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumvent the traditional role of the grand jury as the principal tool of criminal investigation in our society." *Id.* ¶ 5(B). Respondents attest that the IRS seeks the summoned information in order to determine assets owned or controlled by petitioner for purposes of collecting previously-assessed federal income tax due or owed by petitioner. Martinez Decl. ¶¶ 7-8. Petitioner asserts that the "IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumvent the decision of the federal courts." Pet. ¶ 5(C). According to respondents, no Justice Department criminal referral, as defined by 26 U.S.C. § 7602(d), is in effect with respect to petitioner. Martinez Decl. ¶ 9.

Respondent now moves for enforcement of the summonses served upon Jeff R. Brown. Mot. Dismiss at 2. The court will first address petitioners' petition to quash and then respondent's motion to enforce the third-party summons.

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE SUMMONS
—No. 07-MISC-80122 RMW
MAG                                    2

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Petitioner invokes the jurisdiction of this court under 26 U.S.C. §§ 7609(b). As an initial matter, respondents assert that this court lacks jurisdiction under 26 U.S.C. § 7609. According to respondent, petitioner was not entitled to notice of the summons issued to Brown because the summons was issued to aid in the collection of an assessment made against petitioner. *See* 26 U.S.C. § 7609(c)(2) (setting forth exceptions to the summonses to which the notice and rights to intervene set forth in § 7609 apply). 26 U.S.C. § 7609(c)(2)(D)(i) provides that the notice requirement and procedures to quash summons do not apply to any summons "issued in aid of the collection of an assessment made . . . against the person with respect to whose liability the summons is issued."   The reason is that Congress recognized that giving notice would seriously impede the collection of taxes. *See Ip v. United States*, 205 F.3d 1168, 1172 (9th Cir. 2000). Respondents further argue that petitioner's motion to quash is untimely because it was filed on May 7, 2007, which is twenty-six days after the service of the summons on Brown and twenty-four days after a courtesy copy of the summons was mailed to the petitioner. *See id.* § 7609(b)(2)(a) (providing that a proceeding to quash the summons must be commenced by the 20th day after notice is given).

The Ninth Circuit, exploring whether to interpret the notice requirement exception in 26 U.S.C. § 7609(c)(2)(D)(i) literally, determined that each clause of subsection (D) "must be interpreted in terms of the ownership interest in the records that are sought by the summons." *Ip*, 205 F.3d at 1175. The court held that "the notice exception in [§ 7609(c)(2)(D)] applies only where the assessed taxpayer has a recognizable legal interest in the records summoned." *Id.* at 1176 (citation and modifications omitted).[1] Ip did not have a recognizable interest so notice was required. Here, petitioner as the assessed taxpayer has a legally cognizable interest in the documents and records requested from Brown. *See* Pet. ¶ 4 ("The records sought by the Summonses relate to the Petitioner and are Petitioner's personal records."). Therefore, the notice exception applies and petitioner was not legally entitled to notice under § 7609(a) nor may he resort to the procedure to

---

[1] *Ip* actually cites § 7609(c)(2)(B), but it is clear from the language interpreted that they were interpreting what is now in § 7609(c)(2)(D).

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE SUMMONS
—No. 07-MISC-80122 RMW
MAG                                  3

quash the summons set forth in 26 U.S.C. § 7609(b). Without the right to notice, there is no standing under section 7609(h) to bring a petition to quash. *See Ip*, 205 F.3d at 1170 n.3.

In any event, petitioner did not file his petition until May 7, 2007 although the IRS mailed its courtesy copy of the notice to him on April 13, 2007. Because the procedural requirements of section 7609(b) are jurisdictional, *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985), petitioner's failure to file initiate the proceeding to quash within twenty days after the summons was mailed to either him or to Brown requires this court to dismiss for lack of jurisdiction. *See* 26 U.S.C. § 7609(b)(2)(A).

### B.     Petition to Quash

Respondent argues that although petitioners may seek to quash the third-party summons issued to Brown pursuant to § 7609(b), this summons should be enforced and petitioner's efforts to quash it be denied. Even assuming the court had subject matter jurisdiction, the court would deny petitioner's motion to quash.

The IRS has broad statutory power to summon information relevant to the investigation of any taxpayer's liability. *Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985); 26 U.S.C. § 7602. The IRS may summon information from the taxpayer or may require production from "any person" holding records "relating to the business of the person liable for tax" or "any other person the Secretary or his delegate may deem proper." 26 U.S.C. § 7602(a). In order to overcome a motion to quash and establish a *prima facie* case for enforcement of a summons, the IRS must show that (1) the summons was for a legitimate purpose; (2) the material sought was relevant to such purpose; (3) the IRS did not already possess the information sought; and (4) the IRS complied with all of the administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Lidas v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001). The burden on the IRS is "minimal." *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a *prima facie* case. *Id.* A "heavy" burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

1    Here, respondents have made a *prima facie* showing that petitioner's petition to quash
2 should be denied as to the third-party record keeper.  According to respondents, the summons
3 was issued to Brown as part of an IRS attempt to collect on an assessment against petitioner.
4 Martinez Decl. ¶¶ 1, 2.  Petitioner was assessed taxes by the IRS for the years 1996 through
5 2001 resulting in over $232,000 in tax liability.  *Id.* ¶ 1.  The IRS seeks to locate assets owned
6 or controlled by petitioner for the purpose of collecting assessed these federal income taxes.
7 *Id.* ¶ 7.  The material sought in the summons issued to Brown includes, *inter alia*, the rental
8 application and agreement for the property rented by petitioner from Brown, the bank from
9 which petitioner's last rent check was issued, and the forwarding address and phone number of
10 petitioner.  *Id.*, Ex. A.  This requested information satisfies a *prima facie* showing that the
11 material sought was relevant to the stated collection purpose.  The IRS did not already possess
12 the information sought by the summonses.  *Id.* ¶ 6.  Finally, as discussed above, petitioner's
13 assertions to the contrary notwithstanding, it appears that the IRS complied with the
14 administrative steps required by the Internal Revenue Code in issuing the summons to Brown.
15 *Id.* ¶¶ 2-5.  The IRS properly issued the third-party summonses to Brown and mailed a courtesy
16 copy of the summonses to petitioner.  *Id.* ¶ 3.  As discussed above, an attested notice to
17 petitioner was not required under the notice exemption of 26 U.S.C. § 7609(c)(2)(D)(i).

18    A taxpayer challenging enforcement of a summons "must allege specific facts and
19 evidence to support his allegations of bad faith or improper purpose." *Crystal v. United States*,
20 172 F.3d 1141, 1144 (9th Cir. 1999) (citations omitted).  Petitioner offers no evidence of abuse
21 of the summons process or lack of institutional good faith.  Instead, petitioner asserts (1) that
22 the IRS has classified him as a tax protestor and has abandoned the pursuit of a civil tax
23 determination or collections against him and (2) that the IRS seeks the requested information
24 as part of a criminal investigation, which may not have formally recommended in order to use
25 the civil process to access information to which it would not otherwise be entitled.  Pet. ¶ 5(A)-
26 (D).  According to respondents, no Justice Department criminal referral is in effect with respect
27 to petitioner.  Martinez Decl. ¶ 9.  Although petitioner asserts in his petition that he will
28 provide an "affidavit and Summary of Authorities" in which he "will enumerate the

government's actions, which speak louder than words and show that the true nature of this investigation and the purpose of the government to circumvent the tradition role fo the grand jury and other Constitutional protections . . .", Pet. ¶ 7, petitioner has filed no such document. As such, there is no support for petitioner's assertions that the IRS seeks to conduct investigation for a criminal matter in issuing the summons to Brown.

### C.    Enforcement

Respondents' motion seeks enforcement of the IRS summonses.  26 U.S.C. § 7604 confers the authority to enforce IRS summonses in certain situations, stating in relevant part:

> (a) Jurisdiction of district court.–If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
>
> (b) Enforcement.–Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt.

"Once a summons is challenged it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose and is not meant 'to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.'" *United States v. Bisceglia*, 420 U.S. 141, 146 (1975).  Courts apply the *Powell* factors discussed above to establish a *prima facie* case for enforcement of a summons.  *Powell*, 379 U.S. at 57-58.  As set forth above, it appears that the information the IRS seeks by way of the summons issued to Brown meets the *Powell* factors and is relevant to the legitimate investigative purpose of determining the location of petitioner's assets for purposes of collecting on the tax assessment made against him for years 1996 through 2001.  Petitioner has presented no evidence that the IRS seeks such information to harass him or to otherwise pressure him and thereby fails to rebut the respondent's *prima facie* case.

**III. ORDER**

For the foregoing reasons, the court dismisses petitioner's petition to quash for lack of subject matter jurisdiction. The summons to Jeff R. Brown shall be enforced.

DATED:     10/11/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE SUMMONS
—No. 07-MISC-80122 RMW
MAG                                          7

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Petitioners(Pro Se):**

Robert M. Heger
5730 Holland Lane
San Jose, CA 95118

**Counsel for respondents:**

Thomas Moore
U.S. Attorney's Office
450 Golden Gate Avenue, 10th Floor
Box 36055
San Francisco, CA  94102
Email: tom.moore@usdoj.gov

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**DATED:**   10/11/07             /s/ MAG
                                  **Chambers of Judge Whyte**

United States District Court
For the Northern District of California

ORDER DISMISSING PETITIONER'S PETITION TO QUASH; GRANTING RESPONDENTS' MOTION TO ENFORCE SUMMONS
—No. 07-MISC-80122 RMW
MAG                                  8